G. E. BEAN v. STATE.

No. A-4369.   Opinion Filed May 26, 1924.
Rehearing Denied June 12, 1924.
(226 Pac. 115.)

(Syllabus.)

1.   Judgment and Sentence—Sentence Authorized on Plea of Guilty. In a criminal action the defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the information.

2. **Same—Power to Reconsider Judgment and Increase or Diminish Sentence.** The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term at which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed, or put in operation, is inherent in all courts of record.

Appeal from District Court, Seminole County; John L. Coffman, Judge.

G. E. Bean was convicted of embezzlement, and he appeals. Affirmed.

Pryor & Stokes, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for embezzlement and sentence of imprisonment for a term of 10 years, rendered upon a plea of guilty entered by appellant, G. E. Bean, upon his arraignment on an information filed in the district court of Seminole county, August 13, 1921, in substance charging that on the 13th day of September, 1920, G. E. Bean then and there being the county treasurer of Seminole county, and by virtue of said office authorized and empowered to collect and receive funds and moneys coming to and belonging to the said county and all subdivisions thereof, including joint school district No. 12, comprising certain portions of the counties of Seminole and Hughes, and acting in such capacity, did receive from the county treasurer of Hughes county for the benefit of said joint school district No. 12, the sum of $1,144.26; that the said G. E. Bean, with the unlawful, fraudulent, and felonious intent and design to deprive said county, including joint school district No. 12, of said money, did then and there unlawfully, willfully, fraudulently, and feloniously appropriate and convert and embezzle the same to his own personal use

and benfit the said sum so received by him, and to a use and purpose not in the due and lawful exercise of the office and public trust aforesaid.

It is assigned as error that:

"The court erred in not sentencing the defendant to serve a term of three years as agreed upon by the court, the county attorney and the defendant at the time the plea was entered, and upon which agreement the defendant was induced and inveigled into entering his plea of guilty, and that the punishment imposed is cruel and excessive."

—and praying that the sentence be modified to imprisonment for a term of three years.

The transcript of the proceedings in the court below shows the following entry:

"November 7, 1921. The defendant pleads guilty, sentence set for Dec. 2. To stand on his present bond."

That on the 19th day of December, 1921, the state appearing by the county attorney, L. O. Gilstrap, and Allen Adams, assistant county attorney, and the defendant appearing in person and by his attorneys Pryor & Stokes, the following proceedings were had:

"By the Court: You heretofore entered your plea of guilty on an understanding had with the county attorney's office that you would be sentenced to three years and a fine in one case and the other cases that have been charged against you be dismissed. After that plea you was taken before the court with that understanding, and after further investigation by the court of the situation, the court was of the opinion that the punishment was not adequate and refused to pass the sentence and assess the fine as understood at that time. And the court offered you on the 2d day of December an opportunity to withdraw your plea of guilty and re-enter your plea of not guilty. At that time it was agreed by all of the parties and so acted upon by the court

that the time for passing sentence was set for the December 19th, and the court now offers you the opportunity again, if you so desire, to withdraw your plea of guilty as entered on the understanding and enter your plea of not guilty. Or if you prefer you may let your plea of guilty stand with the understanding that the court will fix the punishment according to the judgment of the court as to what the amount should be. What do you desire to do at this time?

"By Mr. Pryor: I understand that at the time that the defendant entered his plea of guilty that the agreement was that the defendant was to be sentenced to three years' imprisonment and a fine of double the amount charged to have been embezzled in the information to which he plead guilty. That is the law?

"By the Court: That was my understanding.

"By Mr. Pryor: At this time the defendant stands on his plea of guilty heretofore entered and does not desire to withdraw the same for the reason that the three papers in Seminole county, to wit, the Wewoka Capital Democrat, the Seminole County News, Seminole, the Konawa Chief Leader, Konawa, published a long article in each of them, stating that the defendant had entered his plea of guilty; furthermore, the same facts were published in the Associated Press reports, and especially in the Shawnee daily papers, having a large circulation in Seminole county; in the Daily Oklahoman, of Oklahoma City, which has a large circulation in Seminole county; also in the Muskogee and Tulsa papers; and in fact all of the large dailies of the state. That as it is the defendant feels that it would be impossible at this time for him to get a fair and impartial trial before a jury as he could have had before such reports were published. And that the defendant desires now to stand on his agreement and accept the agreement as heretofore stated in the record and heretofore entered into, and in case the court does not see fit to pass sentence in accordance with the agreement and feels that greater punishment should be meted out, then we except to the judgment and sentence.

"By Mr. Pryor: Let the record show that the defendant and his counsel, Pryor and Stokes, and the county attorney, L. O. Gilstrap, appeared before the court at noon of the 1st day of the November term and made a statement that they had reached an agreement upon which the cases should be all dismissed except 2137 on the criminal docket, with the understanding that the defendant should have a sentence of three years, fine double the amount in that information, and stated to the court that they desired to have December 2d set the day for the sentence to be pronounced and the record was made at that time.

"By the Court: On his plea of guilty in case No. 2137, it is the judgment of the court that the defendant pay a fine of double the amount alleged to have been embezzled in that information and serve a term in the state penitentiary at McAlester for 10 years. You will be remanded to the custody of the sheriff of Seminole county to be by him transported to the state penitentiary at McAlester, Okla.

"By Mr. Pryor: To the judgment and sentence of the court the defendant excepts to the judgment and sentence of the court for the reason that the same is in conflict with the agreement heretofore entered into, and furthermore that the said judgment and sentence of the court is cruel, inhuman, and excessive.

"By the Court: Said appeal is by the court allowed, and for the purpose of superseding this judgment and sentence, bond of the defendant is fixed in the sum $10,000, to be approved by the clerk of this court."

The record shows that such bond was given and approved the same day the judgment was rendered.

The Attorney General has filed motion to affirm as follows:

"No motion was ever made to set aside and vacate said judgment, and the record discloses that the court gave the defendant every opportunity possible to withdraw his plea of guilty and enter a plea of not guilty.

"It is therefore apparent from the record that this appeal was lodged solely for the purpose of delay; that same is without merit, and that there is nothing pending before this court which would warrant a consideration of any of the matters alleged as error; that the defendant had a fair and impartial trial in which he voluntarily entered his plea of guilty; that he was warned before the rendition of the judgment that the judgment of the court would not be in accordance with the agreement made with the county attorney, and was offered and proffered ample opportunity to withdraw his plea, theretofore entered, and protect himself against the results of the refusal of the court to comply with the request of the county attorney."

No legal questions are presented by the appeal which call for the intervention of this court.

The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term at which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is undeniable. This power is inherent in all courts of record. Rupert v. State, 9 Okla. Cr. 226, 131 Pac. 713, 45 L. R. A. (N. S.) 60.

Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law. However, the plea can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea. Polk v. State, 26 Okla. Cr. 283, 224 Pac. 194.

The record affirmatively shows that the plea was entered September 7th, and the court on the 2d day of December offered the defendant leave to withdraw his plea of guilty

and substitute a plea of not guilty; that again before rendering judgment the court repeated this offer.

The defendant was represented by able counsel, who it seems did not see fit, after judgment was rendered and sentence pronounced, to file a motion to set aside the same.

Complaint is made that the sentence of the court is cruel, inhuman, and excessive. We are satisfied that there is no merit in this contention. In our opinion the punishment imposed is neither cruel, unusual, nor excessive. The unblushing boldness and prevalence of this crime demands a just, yet rigid application of the law and its penalties.

We find no material error in the record, and the judgment of the trial court is affirmed. Mandate forthwith.

MATSON, P. J., and BESSEY, J., concur.