## R. R. SIMS v. STATE.

No. A-5030.   Opinion Filed July 11, 1925.
Rehearing Denied Oct. 30, 1925.
(240 Pac. 130.)

William Robinson, P. Mounts, and W. H. Hussey, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty Gen., for the State.

DOYLE, J.   Plaintiff in error, R. R. Sims, was convicted of embezzlement, and in accordance with the verdict of the jury was sentenced to pay a fine of $25,000, and to be imprisoned in the penitentiary for a term of 4 years. From the judgment an appeal was taken by filing in this court February 15, 1924, a petition in error with case-made, but there has been no appearance made on behalf of plaintiff in error in this court, and no brief in support of the assignments of error has been filed.   When the case was called for final submission, it was submitted on the record.

The information charges, in substance, that in Tillman

county, on the 25th day of April, 1923, R. R. Sims was the duly qualified and acting clerk of school district No. 158 in Tillman county, and had been such clerk from the 11th day of May, 1917, and by virtue of his said office and public trust as clerk of said school district received certain public money, warrants, and other property, the sum of $288,-136.80, the property of said school district, and did unlawfully, wilfully, intentionally, wrongfully, fraudulently, and feloniously, and without authority of law as such officer and clerk, embezzle, convert, and appropriate to his own use and benefit, and to a use and benefit not in the due and lawful execution of his trust as such officer, a part of said public money and property of said school district, to wit, the sum of $27,847.14, good and lawful money of the United States, with the wilful, unlawful, fraudulent, and felonious intent to deprive said school district of its money and property in said amount; that the said R. R. Sims has since resigned as clerk of said school district, and has failed and refused to render an accounting to the board of education of said school district, though requested to render such accounting by said board, and has failed and refused to deliver the aforementioned sum of money so embezzled, converted, and appropriated as aforesaid to his duly qualified and acting successor.

The information is sufficient, and the demurrer thereto was properly overruled.

Several assignments of error are directed to the admission and rejection of testimony. We have carefully examined them, and, finding no error in the rulings of the court in this regard, a discussion of them would serve no useful purpose.

In Fulkerson v. State, 16 Okla. Cr. 250, 189 P. 1092, we held that:

"Before this court can reverse a conviction upon the

ground that the trial court erred in the admission or rejection of evidence, or in its instructions to the jury, we must further find from an inspection of the entire record that appellant was injured thereby; and to determine this issue the court must consider the question of whether appellant is guilty or innocent of the offense charged."

The evidence abundantly supports the allegations of the information, and is practically undisputed. The defendant did not testify.

While the plaintiff in error is not represented in this court, we have with much care examined the voluminous record, and find it free from substantial error. There is no good reason for writing opinions which can be of no value in the trial of other cases, and a discussion of the errors assigned in this case would not be of value as a precedent or as a guide in future cases.

The unblushing boldness and prevalence of this class of crime demands a just, yet rigid, application of the law and its penalties. Bean v. State, 27 Okla. Cr. 228, 226 P. 115.

Upon the record before us we are of opinion that the plaintiff in error had a fair and impartial trial, with every right accorded him that the law justifies or requires. The judgment of the district court of Tillman county is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.