Ellis CAMPBELL, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13265.

Court of Criminal Appeals of Oklahoma.

July 25, 1962.

Robert A. Wilson, Shawnee, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an original proceeding wherein the petitioner, hereinafter referred to as defendant, Ellis Campbell, seeks a Writ of Habeas Corpus and his release from the State Penitentiary at McAlester, Oklahoma, wherein he is confined by virtue of a judgment and sentence rendered against him in the District Court of Atoka County.

The record discloses that the defendant was charged by information with the Crime of Grand Larceny and plead guilty on May 19, 1961 and was sentenced thereon to one year in the State Penitentiary, sentence suspended as indicated by the Minute entered May 19, 1961.

"Let the record show the defendant after having the information read to him in Open Court, and being advised of his Constitutional rights, advises the Court he did not desire the court appoint an attorney to represent him and after being further advised of his Constitutional rights enters a plea of guilty to the Crime of Grand Larceny.

It is the judgment and sentence of this Court, that you, Ellis Campbell, be sentenced to serve a term of one year in the State Penitentiary at McAlester, Oklahoma, and that said judgment and sentence is suspended during and only during your good behavior."

Thereafter, on the 23rd day of February, 1962, an application was filed in said cause by the county attorney of Atoka County to revoke the order suspending sentence and, thereupon on the same day the court ordered that the order suspending sentence be revoked, said order being filed on March 8, 1962.

On March 6, 1962 the following Minute was entered:

"Thereafter on the 24th day of February and the 3rd day of March, 1962, the court counseled with the defendant and his relatives and that it was agreed that the defendant will go live with his brother, Cecil A. Campbell, 1626 West Clarington, Dallas, Texas, after which the Court decided it would be for the best interest of the defendant to afford him another opportunity towards rehabilitation and paroled the defendant to his brother, Cecil A. Campbell, 1626 West Clarington, Dallas, Texas. And the Sheriff is instructed to release the defendant to his brother, Cecil A. Campbell, 1626 West Clarington, Dallas Texas."

Nothing further in the record appears until June 1, 1962 at which time the following Minute was entered:

"Defendant ordered committed to the Oklahoma State Penitentiary pursuant to Order Revoking Suspended Sentence entered herein by the Court on the 23rd day of Feb. 1962."

The subsequent order revoking the order suspending sentence was filed on the 8th of June, and reads as follows:

"Now on this the 1st day of June, 1962, this cause coming on before the court, and after hearing testimony of several witnesses, the Court finds;

"1) That on the 23rd day of February, 1962, the Court entered an Order Revoking Suspended Sentence.

"2) That thereafter on March 6, 1962, the Court deferred commitment of the defendant to the Oklahoma State Penitentiary and paroled him to his brother in the State of Texas for the purpose of endeavoring to work out a rehabilitation program.

"3) That the defendant did not remain in the State of Texas with his brother but came back to Atoka and

was involved in several infractions of the law.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT That the defendant be committed to the Oklahoma State Penitentiary pursuant to Order Revoking Suspended Sentence entered herein by the Court on the 23rd day of February, 1962."

The sole question for our determination is whether the Revocation Order of February 23, was vacated or nullified by the Minute entered by the court on March 6, 1962. If it was, as is contended by the petitioner, the order entered by the court on June 1, 1962, committing the petitioner to the state penitentiary was void since the court lost jurisdiction to revoke the order suspending sentence, on May 19, 1962 (the one year sentence expired on that date), and the prisoner is entitled to be discharged.

If, on the other hand, the Minute entered by the court on March 6, 1962 did not nullify or vacate the Revocation Order of February 23, 1962, the writ applied for should be denied.

The original sentence imposed was suspended under the provisions of Title 22 O.S.A. § 991 which reads:

"Whenever any person shall be convicted in any court of record for any crime other than murder, manslaughter or arson, the Judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said person so convicted to be released upon his own recognizance. Said Judge may also suspend the judgment and sentence of a youth, twenty (20) years of age or under, who has been convicted in any court of record of the crime of arson. Provided, that no such person shall be so released, who, has not, prior thereto, borne a good reputation or who may have been prior thereto convicted of a felony in any state or territory of the United States.

The order to revoke the same was entered under the authority or Title 22 O.S.A. § 992:

"Any person so released as provided in the preceding Section shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced."

The order to revoke the order suspending sentence was never carried into execution by the sheriff prior to the expiration of the sentence on May 19, 1962, but to the contrary on March 6, 1962, the court, after conferring with the petitioner and his parents, decided; "to afford him another opportunity towards rehabilitation * * *", and directed that the sheriff release the petitioner to the custody of Cecil Campbell.

■■ It is a well established principle of law that:

"The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term at which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is inherent in all courts of record". Bean v. State, 27 Okl.Cr. 228, 226 P. 115.

(See, Rupert v. State, 9 Okl.Cr. 226, 131 P. 713, 45 L.R.A.,N.S., 60)

It is likewise true that the court may vacate any order entered by the court during term time and prior to the execution of said order.

■ An order may be vacated, and is vacated, when the court enters a minute wholly inconsistent with the order previously entered and prior to its execution.

■ This is precisely what the district court did. It therefore follows the court was without authority to enter the order of June 1, 1962 purporting to carry into execution the revocation order of February 23, 1962, by reason that the same was vacated.

■ We observe in passing that trial court does not possess the authority to parole a prisoner, but such authority is vested by constitution and statute in the executive branch of our government.

We are of the opinion that the Writ prayed for should be, and the same is hereby, granted.

NIX, P. J., and BRETT, J., concur.