Verna Rae STAFFORD, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. 0–89–897.

Court of Criminal Appeals of Oklahoma.

Oct. 24, 1990.

See also 700 P.2d 223; 697 P.2d 165.

## ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF

On March 14, 1980, petitioner pled guilty to two counts of Second Degree Murder (21 O.S.Supp.1976, § 701.8) in the District Court of Oklahoma County, Case Nos. CRF–80–1153 and CRF–80–1154, before the Honorable Charles Owens, District Judge. The trial court sentenced petitioner to an indeterminate term of not less than ten (10) years nor more than life imprisonment on each count. Said sentences were ordered to be served concurrently.

Petitioner's convictions arose from two separate incidents which occurred on June 22, 1978, in McClain County and on July 16, 1978, in Oklahoma County. Petitioner waived venue for the McClain County offense and was convicted of both charges in Oklahoma County. In the first criminal episode, petitioner, her then husband, Roger Dale Stafford, and his brother, Harold Stafford, participated in the robbery and murder of three (3) members of the Lorenz family on Interstate 35 near Purcell. The second episode, which again involved the same three assailants, resulted in the robbery and murder of six (6) employees of the Sirloin Stockade in South Oklahoma City. Petitioner's charges were based upon the murder of Linda Lorenz and the murder of Terry Horst, a Sirloin Stockade employee. The facts of these brutal slayings are set forth in greater detail in *Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983) (Direct appeal of Roger Dale Stafford's convictions and sentences of death for his participation in the Lorenz murders); and *Stafford v. State*, 665 P.2d 1205 (Okl.Cr.1983) (Direct appeal of Roger Dale Stafford's convictions and sentences of death for his participation in the Sirloin Stockade murders).

On May 9, 1989, petitioner filed an application for post-conviction relief in Oklahoma County District Court seeking modification of her sentences to ten (10) years. Therein, petitioner correctly asserted that her indeterminate sentences were improper because the statute mandating such a sentence, 21 O.S.Supp.1973, § 701.4, was repealed in 1976.[1] The Honorable Richard W. Freeman, District Judge, sustained petitioner's application, insofar as it related to the vacation of her invalid original sentences, and ordered a hearing for the purpose of resentencing pursuant to 22 O.S. 1981, § 1085. Following the presentation of evidence and arguments by both petitioner and the State, the court sentenced petitioner to two (2) terms of life imprisonment and ordered that the sentences be served consecutively. From said sentences, petitioner has perfected this appeal.

■ In her first assignment of error, petitioner asserts that the actions of the district court in resentencing her constituted a violation of due process of law and subjected her to double jeopardy. Petitioner does not contend that the district court lacked authority to resentence her,[2] but only that the sentences imposed were improper. We disagree.

As petitioner readily admits, she was originally incarcerated under illegal, and thus void, sentences. Therefore, when the district court granted petitioner's application for post-conviction relief and vacated her original sentences, she was placed in the same position as if she had never been sentenced. Indeed, following the district court's determination that the original sentences were invalid, petitioner was given the opportunity to withdraw her previous pleas and specifically declined to do so. Thereupon, the court conducted a hearing and resentenced petitioner pursuant to 22 O.S.1981, § 1085. The two (2) terms of imprisonment meted out were within the range of punishment authorized by 21 O.S.

---

**1.** Indeterminate sentences are permitted under 57 O.S.Supp.1987, § 353. This section, which is a verbatim reenactment of 57 O.S.1971, § 353, was in force at the time petitioner committed her crimes. However, this Court has held that a trial court may not set an indeterminate sen-

tence where a life sentence is the maximum imposed. *White v. State*, 774 P.2d 1072 (Okl.Cr. 1989).

**2.** This issue was settled in *White*, supra note 1.

Supp.1976, § 701.9, the section under which petitioner should have originally been sentenced.

In support of both her due process and double jeopardy claims, petitioner advances several arguments which are all premised upon the fact that the terms of new sentences exceed the terms of the original invalid sentences. Petitioner initially argues that she had a liberty interest, *by virtue of her original plea bargaining agreement*, in the expectation that she could be released from incarceration after serving a term of ten (10) years, that she justifiably relied upon this interest by participating in "any and all rehabilitative activities available" in anticipation of earning early release, and that the imposition of the new sentences deprived her of the opportunity to obtain parole after service of a ten (10) year sentence. However, as petitioner was given the opportunity to withdraw her previous pleas, we deem this argument meritless.

We must also reject petitioner's assertion that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), mandates modification of the new sentences. In *Pearce*, the Supreme Court addressed the issue of vindictive sentencing of defendants who successfully attack their first conviction. While the Court held that there is no bar to a more severe sentence upon reconviction, it condemned those instances where trial courts impose "a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." *Id.*, 395 U.S. at 723–724, 89 S.Ct. at 2080.

Unlike the defendants in *Pearce*, petitioner herein did not attempt to have her original conviction set aside, nor was she reconvicted of any charges. Rather, petitioner's original sentences were vacated as void, she was given an opportunity to withdraw her original pleas, she was afforded a hearing, and then she was sentenced to terms of imprisonment within the statutory limits. Moreover, this Court finds that the evidence presented overwhelmingly supported the sentences imposed. According-

ly, we hold that petitioner's resentencing proceeding did not violate her constitutional guarantees to due process.

■ With respect to petitioner's claim of double jeopardy, we do not agree that the resentencing procedure resulted in multiple punishments for the same offense. As previously stated, when petitioner's original sentences were vacated as void, she stood in the same position as if she had never been sentenced. Therefore, upon affirmation of her original pleas, the trial court was authorized to sentence petitioner to whatever punishment was statutorily permissible, subject only to the limitation that she receive credit for time served. *Cf. Bullington v. Missouri*, 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981).

■ In her second assignment of error, petitioner asserts that the sentences imposed by the district court were based upon certain inadmissible evidence and public opinion. On this basis, she asks this Court to modify her sentences. We first note that petitioner failed to object to the admission of any of the aforementioned evidence when it was offered at the sentencing proceeding. Therefore, all but fundamental error has been waived. *Lamb v. State*, 767 P.2d 887, 891 (Okl.Cr.1988); *Hale v. State*, 750 P.2d 130, 135 (Okl.Cr. 1988), *cert. denied* 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164. Furthermore, this Court will not modify a sentence on appeal unless it is so excessive that it shocks the conscience of this Court. *Dunagan v. State*, 755 P.2d 102, 104 (Okl.Cr.1988). As previously stated, the sentences imposed were within the statutory limits and the evidence presented supported such sentences. Having determined that the sentences imposed do not shock this Court's conscience, and finding no fundamental error in the admission of the now contested evidence, we dismiss this assignment as meritless.

■ As her final assignment of error, petitioner alleges that she will be denied her constitutional right to equal protection of the law if this Court does not modify her original sentences to ten (10) years imprisonment. In support thereof, petitioner has

cited several unpublished orders of this Court in which we modified the sentences of similarly situated prisoners to the minimum term of their indeterminate sentences.

Initially, we reiterate that unpublished opinions are not to be cited as authority before this Court. *State ex rel. Hicks v. Freeman*, 795 P.2d 110, 112 (Okl. Cr.1990); 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 3.5(C). Furthermore, our decision in *White, supra,* clearly states that the procedure this Court will follow in correcting an invalid sentence is to remand the cause to the district court with instructions to vacate the judgment and sentence and determine disposition in compliance with 22 O.S. 1981, § 1085. Assuming *arguendo* that the unpublished orders cited by petitioner constituted precedential authority, we would find that the procedure enunciated in the *White* opinion, which post-dates the cited orders, represents the current position of this Court. Because the district court in the present case followed the mandates of *White,* we deem petitioner's equal protection argument meritless.

On the basis of the foregoing, this Court finds that petitioner's Application for Post–Conviction Relief should be, and the same hereby is, DENIED.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS, Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Vice Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge