Donald Lee ROBERTSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–92–879.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1995.

Richard McLaughlin, Wagoner, at trial, for defendant.

W.A. "Drew" Edmonson, Dist. Atty., Betty Pitts, Asst. Dist. Atty., Muskogee, at trial, for State.

Daniel J. Gamino, Daniel J. Gamino & Assoc., P.C., Oklahoma City, on appeal, for appellant.

Susan B. Loving, Atty. Gen., Alecia A. George, Asst. Atty. Gen., Oklahoma City, on appeal, for appellee.

### *OPINION*

CHAPEL, Vice Presiding Justice.

Donald Lee Robertson was tried by a jury and convicted of Rape in the First Degree in violation of 21 O.S.Supp.1990, § 1114, in the District Court of Muskogee County, Case No. CRF–91–356. In accordance with the jury's recommendation, the Honorable Thomas Alford sentenced Robertson to seventy years imprisonment. Robertson has perfected his appeal of this conviction.

## FACTS

Robertson and K.B., the eight year old victim in this case, are cousins. Robertson lived with K.B.'s family intermittently. In the early morning hours of July 1, 1991, K.B.'s entire family, which consisted of her mother, father, two sisters, and Robertson were across the street at a friend named Denise's house. Eventually, all went home except for one of K.B.'s sisters who remained to spend the night with Denise. Before K.B.'s mother left, Robertson asked her to leave the front door unlocked because he was going to spend the night there later.

Around 5:40 a.m. the same morning, Denise, the neighbor, woke K.B.'s mother and told her K.B. had blood all over her nightgown. Denise saw K.B. when she walked K.B.'s sister home from spending the night at her house. There was also blood on K.B.'s bed. K.B. told her mother she had just fallen off her bed. K.B. was running bath water at the time, and did ultimately take a bath that morning. Her mother checked her for cuts from the fall but found none; she assumed K.B. had just started her menstrual period early and gave her a pad to wear. The rest of that day, K.B. would not sit next to Robertson, clung to her mother, and would not play outside.

Later the same evening, K.B. told her mother that Donald had come into her bedroom that morning and put his finger and his "peter" inside her. Her mother told her father when he came home, and they immedi-ately notified the police who instructed them to take K.B. to the hospital emergency room. At the emergency room, the attending physicians discovered a one-and-a-half inch rip in K.B.'s vagina and performed corrective surgery. She also tested positive for Chlamydia and Gonorrhea. Any additional physical evidence was lost because of the delay in having K.B. examined and the bath she took that morning.

On December 3, 1991, Robertson plead guilty to First Degree Rape and the trial court imposed upon him a 2–year suspended sentence with probation, ordered him to pay $1,776.32 in restitution plus court costs, and prohibited him from contact with K.B. or her family for two years.[1] Seven days later, on December 10th, 1991, the State filed a motion to vacate the sentence on the grounds that it was void because it was not within the range of punishment provided by 21 O.S.1991 § 1115.[2] The defense strenuously objected to the vacation of Robertson's sentence. Nevertheless, on December 19, 1991, the trial court granted the State's motion, vacated the sentence, gave Robertson ten days to withdraw his guilty plea if he so desired,[3] and ordered a Presentence Investigation Report. On January 9th, 1992, Robertson filed his Application for Withdrawal of Guilty Plea,[4] and on January 16th, the trial court allowed him to withdraw his plea and enter a plea of not guilty. On March 11, 1992, Robertson received a jury trial which culminated in a guilty verdict and a seventy year sentence.

---

1. (O.R. 60–67; M.Tr.I, 16–19). The trial court also advised Robertson he had 10 days to file an application to withdraw his plea of guilty if he changed his mind. (M.Tr.I, 17).

2. This section provides a range of punishment from death to not less than five years imprisonment.

   It should be noted that the validity of the antiquated provision allowing for imposition of the death penalty in a rape case has not been specifically addressed by this Court. The validity of such a sentence is highly questionable in light of the changing state of the law regarding the death penalty, beginning with the United States Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Developments in death penalty jurisprudence indicate a sentence of death imposed upon one convicted of rape may violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (plurality) (rape does not compare with murder which involves the unjustified taking of human life; "[w]e have the abiding conviction that the death penalty, which 'is unique in its severity and irrevocability,' is an excessive penalty for the rapist who, as such, does not take human life.") (citations omitted).

3. The trial court gave Robertson this option because the state, by reserving the right to argue for incarceration, departed from the terms of the original plea bargain. (M.Tr.II, 10).

4. Robertson had previously requested and received a 10–day extension in which to withdraw his guilty plea, giving him until January 9, 1992 to file his application for withdrawal. (O.R. 85–86).

After thorough consideration of the entire record on appeal and the briefs of the parties, we have determined that Robertson's first, third, fourth, fifth, sixth and seventh propositions of error are without merit and will not be discussed.

■ In his second proposition of error, Robertson claims the vacation of his two-year suspended sentence, entered pursuant to his guilty plea, and the trial court's action in subjecting him to a subsequent trial and resentencing violated the constitutional prohibition against double jeopardy. It should first be noted that Robertson concedes a double jeopardy issue was not raised at trial. Because double jeopardy errors are so fundamental, this Court has reviewed them in the past even absent proper preservation for appeal.[5] Robertson's claim will therefore be reviewed. In addition, it presents a novel question worthy of discussion.

■ This Court has held that "[w]hen an accused waives his right to a jury trial, jeopardy attaches once the defendant enters a plea [of guilty] after being advised of his rights and does not seek to withdraw his plea."[6] Only judgments or sentences void on their face may be set aside after jeopardy has attached.[7] The law is clear that sentences which are not within the statutorily prescribed range of punishment are void.[8]

■ Robertson was originally sentenced to a two-year term. Because this was below the statutorily prescribed range of punishment for First Degree Rape,[9] the sentence was void. The trial court's subsequent action in vacating this void sentence and subjecting Robertson to resentencing was not only proper, but mandatory under our caselaw.[10] The novel issue presented here is whether the trial court erred by "vacating" Robertson's judgment as well.[11]

■ In the instant case, the trial court initially vacated only Robertson's invalid sentence. Robertson's judgment entered upon his plea of guilty was not summarily vacated along with the sentence; the judgment stood until he voluntarily withdrew his guilty plea after being afforded the option to do so. Because he did not affirm his original plea and accept a resentencing determination by

5. *Hunnicutt v. State*, 755 P.2d 105, 109 (Okl.Cr. 1988). But see, *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980), cert. denied, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981) (while there are some constitutional protections that may never be waived, this is not true of the double jeopardy protection).

6. *Davis v. State*, 845 P.2d 194, 196 (Okl.Cr.1993).

7. *Id.; Campbell v. State*, 373 P.2d 844, 847 (Okl. Cr.1962) (citations omitted) (where a defendant has begun to serve his or her judgment and sentence, the trial court is without authority to vacate, modify or suspend the judgment, or to increase or diminish the sentence, except to set aside a judgment that is void on its face); *Tracy v. State*, 24 Okl.Cr. 144, 216 P. 941 (1923).

8. *Davis*, 845 P.2d at 197 (order suspending sentence was void at time it was entered where statute prohibited suspended sentences under circumstances of appellant's case); *Stafford v. State*, 800 P.2d 738 (Okl.Cr.1990), cert. denied, 499 U.S. 927, 111 S.Ct. 1328, 113 L.Ed.2d 260 (1991) (appellant's indeterminate sentence void where statute providing for indeterminate sentences had been repealed before appellant was sentenced); *Ex parte Custer*, 88 Okl.Cr. 154, 200 P.2d 781, 783 (1948) (the trial court was without jurisdiction to impose a three year sentence when the maximum provided for by statute was only two years).

9. 21 O.S.1991 § 1115 (providing five years minimum and death or imprisonment maximum).

10. *Luker v. State*, 552 P.2d 715, 720 (Okl.Cr. 1976) (Because under Oklahoma law the trial court is without authority to modify a sentence assessed by the jury, and the trial court modified appellant's sentence to four years when jury recommended five, this Court ordered the trial court to modify the Judgment and Sentence back to five years, despite the fact that the defendant had already commenced his sentence, and despite the fact that the modification resulted in a harsher sentence).

11. See, *Davis*, supra (appellant received a two year suspended sentence upon entering a plea of guilty because prosecution did not realize he had six prior felony convictions which made him ineligible for a suspended sentence according to 22 O.S.Supp.1988, § 991a(B); this Court held it was error for the trial court to vacate both the judgment and sentence, as the trial court's power to vacate a judgment is separate and distinct from its power to vacate a sentence. Accordingly, the judgment and sentence imposed in Davis' subsequent jury trial was vacated as barred by the plea of former jeopardy; the original judgment of guilty and the two five year concurrent sentences were reinstated and only the provision that the sentences be suspended was stricken).

the trial court, his case is unlike any of our prior cases dealing with this issue.[12]

■ Once Robertson withdrew his guilty plea, he waived any possible double jeopardy claim regarding his subsequent trial. The sentence he received as a result of that trial was within the statutory range of allowable punishment and thus also did not violate any double jeopardy prohibition. No error occurred in these proceedings as the trial court had the authority to both accept Robertson's withdrawal of his guilty plea[13] and resentence him to whatever punishment was statutorily permissible.[14] Accordingly, we hold that the trial court did not abuse its discretion in granting Robertson's application to withdraw his guilty plea. The vacation of Robertson's original judgment and sentence was proper, and imposition of the subsequent judgment, imposed by a jury that convicted him after he withdrew his guilty plea, and imposition of the subsequent sentence, which was within the statutory range provided by our legislature, was not error under either the Oklahoma or the federal double jeopardy clause.[15]

## DECISION

The Judgment and Sentence of the trial court is **AFFIRMED.**

JOHNSON, P.J., and LUMPKIN and STRUBHAR, JJ., concur.

LANE, J., concur in results.

---

12. See, *Davis,* 845 P.2d at 198 (double jeopardy violated where trial court vacated appellant's judgment after appellant who was improperly sentenced refused to withdraw his guilty plea); *Stafford v. State,* 800 P.2d 738 (Okl.Cr.1990), *cert. denied,* 499 U.S. 927, 111 S.Ct. 1328, 113 L.Ed.2d 260 (1991) (petitioner was given the opportunity to withdraw her previous pleas but specifically declined to do so; however, no error because the trial court did not vacate the judgment but only the invalid sentence).

13. *Vuletich v. State,* 735 P.2d 568 (Okl.Cr.1987) ("The decision to grant or deny a plea withdrawal request rests within the sound discretion of the trial court." No abuse of discretion in allowing appellant to withdraw his guilty plea without a showing of necessity, as "[t]he law favors a trial on the merits by a jury, and all courts should so administer the law and construe the rules of practice so as to secure a hearing on the merits if possible.") (citations omitted).

14. *Stafford,* 800 P.2d at 740.

15. It should also be noted that no double jeopardy violation occurred because Robertson's sentence exceeded the terms of his original, invalid sentence. This issue was clearly settled in *Stafford,* 800 P.2d at 740 ("we do not agree that the resentencing procedure resulted in multiple punishments for the same offense. As previously stated, when petitioner's original sentences were vacated as void, she stood in the same position as if she had never been sentenced. Therefore, upon affirmation of her original pleas, the trial court was authorized to sentence petitioner to whatever punishment was statutorily permissible, subject only to the limitation that she receive credit for time served."). Accord, *State v. Pascal,* 108 Wash.2d 125, 736 P.2d 1065, 1069–71 (1987)

(statutory minimum 31 months but trial court sentenced defendant to 90 days and state appealed; held state may appeal and have a defendant's sentence increased if the original sentence was erroneous, and hence, invalid, and this does not violate the double jeopardy clause of the Washington or the federal constitutions); *State v. Dennis F.,* 104 N.M. 619, 623–25, 725 P.2d 595, 597–98 (1986) (the fixing of penalties is a legislative function, and a sentence fixed by a trial court which has not been authorized by the legislature is void; even though double jeopardy prohibits a court from increasing a penalty after the imposition of a *valid* sentence, "an *invalid* sentence may be corrected by the imposition of a proper sentence, even though defendant has begun to serve the original sentence and even if the proper sentence is more erroneous."); *People v. District Court,* 711 P.2d 666, 668–69 (Colo.1985) (state appealed trial court's sentencing of defendant to seven years where statute mandated a life sentence; held sentence was illegal and case could be remanded for resentencing without violating double jeopardy clause because "[r]emanding the case for resentencing under such circumstances only results in setting aside what the sentencing court lacked the authority to do in the first instance and in substituting therefore that which the law requires.") (citations omitted); *State v. Pringle,* 83 Wash.2d 188, 517 P.2d 192, 196 (1973) (sentence not in accord with statute remanded for resentencing; no double jeopardy violation even though defendant already commenced serving his term of imprisonment: "we are not remanding this case to the trial court for the purpose of increasing a *valid* sentence, but rather we are sending the defendant back for the correction of an *erroneous* and invalid sentence.") (emphasis in original), citing *Bozza v. U.S.,* 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947).