Richard F. PHILLIPS, aka Carl Frederick
Barlow, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–14488.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

Richard F. Phillips, pro se.

Curtis Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., for respondent.

PER CURIAM:

This is an original proceeding which Richard Frederick Phillips, aka: Carl Frederick Barlow, has filed for a writ of habeas corpus alleging that his present incarceration in the state penitentiary is under an illegal judgment and sentence imposed in the District Court of Oklahoma County, Oklahoma, sentencing him to three terms of twenty years each to run concurrent for the crimes of armed robbery, Case Nos. 31839, 31779, 31840. Petitioner alleges that the judgment and sentence is invalid due to certain errors; namely, he was not afforded counsel after his arrest, he was harassed into entering a plea of guilty, full length color pictures were taken of him during questioning, he was not furnished counsel at his arraignment, his retained counsel was not present at his preliminary hearing, and at the time of sentencing the Judge failed to advise him of his right to appeal.

The records in the above numbered case indicate that on April 15, 1966, Petitioner was arraigned in the District Court while represented by counsel, Harry James, at which time he entered a plea of not guilty. The record next indicates that on June 15, 1966, Petitioner withdrew his plea of not guilty and entered a plea of guilty, waived time for sentencing, and was sentenced to twenty years imprisonment to run concur-

rent in each of the three charges. At this time he was also represented by counsel, Harry James.

On July 25, 1968, this court ordered that an evidentiary hearing be conducted in the District Court of Oklahoma County on Petitioner's application for habeas corpus and particularly whether Petitioner was advised of his appeal right. Pursuant thereto a hearing was held before the Honorable A. P. VanMeter, District Judge, on October 11, 1968, with Petitioner present and represented by Assistant Public Defender, T. Hurley Jordan, and the State represented by D. K. Cunningham, Assistant District Attorney. At this hearing the Petitioner did not take the stand and testify, nor did he or his counsel offer any evidence whatsoever regarding the petition for habeas corpus or the question as to whether or not he had been denied his right to appeal his conviction. Rather, it appears that the only objective of Petitioner at this time was to secure a copy of the transcript made of the proceedings at the time of his sentencing on June 15, 1966. The record of the evidentiary hearing on October 11, 1968, shows that the only comment of the Petitioner himself to be as follows:

"Mr. Jordan, the boy himself says this is all he wants is a transcript of the sentence, isn't that correct?

The Defendant: Yes, sir."

The judge at the evidentiary hearing notes that at the proceeding on sentencing he did call Petitioner's attention to his right to appeal and that if he did not want an appeal he would be sent to the penitentiary without delay. The transcript of the proceeding had on Petitioner's sentencing on June 15, 1966, indicates that after Petitioner had been fully advised of all his rights and the punishment that could be imposed, he voluntarily entered a plea of guilty; that after the imposition of sentence the trial judge advised Petitioner of his right to appeal; and that Petitioner expressly waived the right to appeal and any delay in beginning the sentence.

██ 22 O.S.Supp.1968, § 1073, authorizes an appeal out of time when one convicted of a crime is denied some right relating to his right to appeal his conviction. Petitioner has totally failed to allege the denial of any right relating to his right to appeal his conviction. Petitioner was allowed the opportunity to introduce evidence while represented by counsel which might show that he had been denied some right regarding his appeal. However, Petitioner made no showing or offering in this regard. Since Petitioner was advised by the Court at the time of his sentencing that he had a right to appeal his conviction and since Petitioner has totally failed to make any showing that he was denied some right relating to his right to appeal his conviction, we must conclude that he is not entitled to an appeal out of time as authorized by 22 O.S.Supp.1968, § 1073.

██ It is fundamental that the burden is on the Petitioner in a habeas corpus proceeding and where the habeas corpus petitioner fails to sustain his burden, habeas corpus must be denied. Grubbs v. State, Okl.Cr., 397 P.2d 522. In the instant case Petitioner was afforded the opportunity to support his allegations while represented by court appointed counsel. However, he made no offering in support of his allegations even by way of his own testimony and has thus failed to sustain his burden.

For the foregoing reasons the application for an appeal out of time or habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.