**Lovell SMITH, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant In Error.**

**No. A–16214.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Lovell Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Assault and Battery with a Deadly Weapon with Intent to Kill, After Former Conviction of a Felony; his punishment was fixed at seventy-five (75) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on November 23, 1969, George Pogue was a cab driver for Yellow Cab Company and about 1:25 a. m. he picked up the defendant as a fare at 13th and Walnut in Oklahoma City. The defendant asked to be taken to the Canton Hotel, but on the way he changed his request twice and the cab stopped at Anita's Lounge at 4th and Lottie, where the defendant gave Pogue a dollar and asked him to wait. The defendant went in the lounge and returned to the cab shortly asking to be taken to 21st and Kelly. When they got

there the defendant asked to be taken back to 13th and Walnut, where the defendant went inside and returned with a woman. They entered the cab and the defendant asked to be taken to the Canton Hotel. On the way the defendant stabbed Pogue twice and demanded money, threatening to kill (Tr 15). Pogue gave the defendant some money and the defendant demanded his change, stabbing Pogue twice in the chest. Pogue drove some distance further and passed out. He was taken to the hospital and kept in intensive care for twelve hours, and in the hospital for three days.

Officer Pittenridge, of the Oklahoma City Police Department, testified that he was riding patrol about 2:00 a. m. and pursuant to a call, discovered a Yellow Cab at Northwest 4th and Fonshill, stalled with its lights on. He discovered Pogue lying in the front seat. His shirt was very bloody and there appeared to be several stab wounds in his chest and area of the heart.

Officer King, of the Oklahoma City Police Department, testified about arresting the defendant on November 25, 1969, on word received from an informer.

Officer Berglan, of the Oklahoma City Police Department, testified about interrogating the defendant, during which defendant denied being involved.

The defendant did not testify. The State stipulated that the defendant was employed at two different jobs at the time in question.

■ The first proposition of error alleges that the evidence does not support the verdict of the jury. This Court has repeatedly held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The defendant's final proposition contends that the punishment was excessive. We need only observe that the punishment was within the range provided by law and does not shock the conscience of this Court.

In conclusion, we observe that the record is free of any error which would justify modification or reversal. We are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.