**Lovell SMITH, Petitioner,**

v.

**The STATE of Oklahoma and/or Richard Crisp, Warden, Respondents.**

**No. H–76–124.**

Court of Criminal Appeals of Oklahoma.

March 8, 1976.

Lovell Smith, pro se.

Jimmy L. Phillips, Legal Assistance Program, Inmate (Paralegal), for petitioner.

Larry Derryberry, Atty. Gen., for respondents.

## OPINION

BUSSEY, Judge:

Petitioner, Lovell Smith, sustained felony convictions in the Oklahoma County District Court, Case No. CRF–69–2849 and CRF–70–931. He was tried by a jury and convicted for the offense of Robbery with a Dangerous Weapon, After Former Conviction of a Felony, in Case No. CRF–69–2849, and judgment and sentence was rendered on March 9, 1970 and he filed a timely appeal in this Court. The Petitioner was thereafter tried by a jury for the offense of Assault and Battery with a Dangerous Weapon, After Former Conviction of a Felony, in Case No. CRF–70–931, found guilty and was sentenced on July 1, 1970, and appealed to this Court. Although the appeal from the conviction in Case No. CRF–69–2849 was filed in this Court on the 12th day of March, 1970, a decision was not rendered thereon until after the appeal from Case No. CRF–70–931, which was filed in this Court on the 11th day of July, 1970, had been affirmed in *Smith v. State*, Okl.Cr., 481 P.2d 804 (1971). Thereafter, the majority of this Court reversed with instructions to dismiss the judgment and sentence rendered on the Petitioner in Case No. CRF–69–2849, in *Smith v. State*, Okl.Cr., 486 P.2d 770 (1971). It is clear that the Petitioner was fully aware of the so-called "perjured testimony" when the appeal was pending in Case No. CRF–70–931, but neither he nor his attorney raised this issue.

After the affirmance of Case No. CRF–70–931, Petitioner applied for post conviction relief in the Oklahoma County District Court on August 26, 1975, raising one assignment of error that he was denied the right to be confronted by the witnesses against him at the trial. Here, again, although he was aware of the alleged "perjured testimony" he failed to raise it in the

trial court. On October 1, 1975, the Oklahoma County District Court denied the post conviction relief, and Petitioner appealed to this Court from said Order, in his appeal to this Court he attempted to raise the issue of alleged "perjured testimony" which was not properly before us since it had not been raised in the trial court. On October 17, 1974, this Court affirmed the Order denying post conviction relief, in which we adopted the findings of fact and conclusions of law entered by the Honorable Carmon C. Harris in his Order of October 1, 1975.

Petitioner alleges in the present application that he has appealed to the United States District Court for the Western District of Oklahoma in CIV–75–0922–D, and on February 10, 1976, the Honorable Judge Fred Daugherty held:

> "The petitioner has exhausted his state remedies on the second proposition presented to this court. He has not exhausted his state remedies on his Proposition # 1 concerning the alleged use of perjured testimony. This issue was neither presented on direct appeal or in the petitioner's prior application for post-conviction relief under the Oklahoma Post-Conviction Procedure Act. It is essential that a state prisoner afford state courts the opportunity to consider and resolve claims of constitutional infirmity before raising these claims in federal court. 28 USCA Section 2254 and *Hoggatt v. Page*, 432 F.2d 41 (CA10 1970). This court therefore will not entertain the petitioner's claim concerning the perjured testimony in this proceeding."

We first direct Petitioner's attention to Rule 4.2A of the Rules of this Court pertaining to post-conviction appeals, which provides:

> "The appeal to the Court of Criminal Appeals under the Post-Conviction Procedure Act constitutes an appeal *on the record made in the District Court premised solely upon petitioner's Applica-*

*tion for Post-Conviction Relief*." [Emphasis added]

We note that in the instant application, the Petitioner fails to assert any reason for his failure to raise the instant contention of perjured testimony on his first direct appeal or in his application for post conviction relief in the Oklahoma County District Court, being fully aware of the alleged "perjured testimony" prior to his first appeal and subsequent post conviction application. This issue is not properly before us and could have been presented both on appeal and post conviction, as authorized by the statutes, had not the Petitioner abandoned the issue by failure to raise it. If the allegation were properly before us for consideration, I am of the opinion it is so patently frivolous and unsupported by the record that it does not present a question of constitutional dimensions.

The appropriate provisions of our post conviction statutes appear in 22 O.S.1971, § 1080, et seq. and Rule 4 of the Rules of this Court. Title 22 O.S.1971, § 1086, provides:

> "All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. *Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application*." [Emphasis added]

We further direct Petitioner's attention to Rule 4.1B of the Rules of this Court, which provides:

> "As provided in Section 7, Post-Conviction Procedure Act, all grounds for relief available must be raised during the hearing held on the *first Application for*

**1354**

*Post-Conviction Relief,* unless good cause is shown to warrant the filing of a subsequent application. *Any ground not so raised or finally adjudicated or knowingly and understandingly waived in the proceedings resulting in the conviction or sentence, or in any other proceeding that the petitioner has taken to secure relief from his conviction or sentence may not be the basis for a subsequent application.* Thus, the sentencing court shall not be required to entertain a second or successive application for similar relief on behalf of the same petitioner." [Emphasis added]

It is clear from the foregoing provisions that all issues known to a Petitioner must be raised in the first application for post conviction relief in the trial court, or they will be deemed to have been waived unless there be good and sufficient reason for their not having been raised, such as newly discovered evidence not known at the time of the filing of the original post conviction application. Quite obviously, Petitioner realizes he is not entitled to file a second petition in the trial court raising this issue and seeks, instead, to use habeas corpus as a mode of attempting to raise an issue which he has, by his conduct, abandoned.

We have consistently held that the scope of habeas corpus is limited to a determination of whether the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed. See *Myers v. State,* Okl.Cr., 374 P.2d 928 (1962). It appearing in the instant case that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, we are of the opinion that the Petitioner has not stated facts sufficient to invoke the jurisdiction of this Court.

The Writ of Habeas Corpus is accordingly, DISMISSED, and Petitioner is advised that, for the reasons heretofore set forth in this opinion, he has exhausted his state remedies, having abandoned, by his conduct, the right to institute further post conviction proceedings in the trial court.

Any prior decision in conflict with our ruling today interpreting the Post-Conviction statutes, is hereby expressly overruled. Nothing in this opinion shall preclude a Petitioner from filing a second post conviction application in the trial court if the Supreme Court of the United States, by decision, creates new constitutional rights of a person incarcerated, and makes retroactive such decision subsequent to the first application for post conviction relief.

BRETT, P. J. and BLISS, J., concur.