1999 OK CR 9

**Charles Henry STEWART, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. H 98–1013.**

Court of Criminal Appeals of Oklahoma.

March 9, 1999.

ORDER CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS APPEAL FROM DENIAL OF POST–CONVICTION RELIEF; ORDER GRANTING POST–CONVICTION RELIEF, VACATING JUDGMENT AND SENTENCE, AND REMANDING TO OKLAHOMA COUNTY DISTRICT COURT FOR WITHDRAWAL OF GUILTY PLEAS OR RESENTENCING

¶ 1 Petitioner filed a Petition for a Writ of Habeas Corpus in Oklahoma County, Case No. CF 97–1817. The Honorable Richard W. Freeman, District Judge, entered an Order Denying Writ of Habeas Corpus on August 17, 1998, and Petitioner then sought relief in this Court.[1] The record in this matter was received from the Oklahoma County District Court clerk on January 14, 1999.

¶ 2 Petitioner states he pled guilty to Possession of CDS (Marijuana), after former conviction of a felony (Count I), Driving Under the Influence of Intoxicating Liquor (Count II), and Driving Under Revocation (Count III) in Oklahoma County Case No. CF 97–1817.[2] Petitioner states that he was sentenced to ten (10) years imprisonment on Count I, one (1) year imprisonment on Count II, and one (1) year imprisonment on Count III, all counts to run concurrently, to be served as one hundred twenty (120) nights in the county jail.[3]

¶ 3 The Plea of Guilty Summary of Facts in the District Court record reflects the State's sentencing recommendation was

... as to Ct. 1 10 yrs. to do as 120 nights, Ct. 2 1 yrs. (sic) to do as 10 nights, Ct. 3 1 yrs. (sic) to do as 10 nights, Ct. 4 30 day (sic) to do as 1 night, Ct. 5 10 day (sic) to do as 1 night, all cts to run concurrently for a total of 10 yrs. to do as 120 nights

ALL but 1 dismissed from page 2, court costs and fees to be paid by Defendant.

Line 22 of the Plea of Guilty Summary of Facts shows the pleas were entered after "two (2) or more prior felony convictions." Line 32(G) reads "Sentencing [circled] continued until the 17th day of October, year of 1997 ..."[4]

¶ 4 An "Alternate Part B Sentencing After Previous Plea of Guilty Summary of Facts" was entered on October 11, 1997, and was filed in the District Court on October 27, 1997. It reflects that Petitioner was sentenced on October 11, 1997, to ten (10) years on Count I, to one (1) year on Count II, to one (1) year on Count III, to thirty (30) days on Count IV, and to ten (10) days on Count V, to run concurrently. Page four of this document shows that Petitioner was advised of his right to appeal, by writ of certiorari. A written Judgment and Sentence was filed in the District Court on October 30, 1997.

¶ 5 In the "Writ of Habeas Corpus" filed in the District Court, Petitioner asserted the Judgment and Sentence in Case No. CF 97–1817 was void "because the District Court of Oklahoma County exceeded its statutory authority and/or unconstitutionally applied Okla. Stat. Tit. 22, § 991a–2 (1991) when it sentenced Petitioner to Ten (10) years, count 1, one (1) year each, count (sic) 2 and 3, 30 days and 20 days imprisonment in the custody of the Department of Corrections ..." Petitioner argued § 991a–2 contained no provision for sentencing a defendant to the custody of the Department of Corrections (DOC) after non-compliance with a sentence of night-time incarceration, and therefore the District Court exceeded its authority when it sentenced Petitioner to imprisonment in the DOC for failure to complete the sentence of night-time incarceration. Petitioner contended the plain language of the statute au-

---

1. We remanded the matter to Judge Freeman for entry of an amended Order, setting forth findings of fact and conclusions of law on October 13, 1998. Judge Freeman's amended Order denying relief was filed in this Court on October 19, 1998.

2. The record shows he also pled guilty to Failure to Carry Valid Security Verification (Count IV) and Driving Left of Center Line (Count V).

3. The record shows that he was sentenced to thirty (30) days on Count IV and to ten (10) days on Count V.

4. On the same line, the words "order deferring sentence shall be" are *not* circled.

thorized night-time incarceration "instead of sentencing the offender to a term of years in DOC." He claimed night-time incarceration "supplants DOC incarceration" and therefore the District Court could not "delay sentencing pending compliance ... or impose another sentence when an offender fails to comply with his or her night-time incarceration sentence." Petitioner concluded the District Court only had the authority to require the Petitioner to complete his 120 nights sentence by serving the remaining nights and sought immediate release from DOC custody.

¶ 6 In his amended Order, Judge Freeman found that the District Court of Oklahoma County was without jurisdiction to entertain the "Writ of Habeas Corpus" on the ground that Petitioner was incarcerated in another county, and that the Writ failed to comply with the requirements of 12 O.S.1991, § 1332. Additionally, and in response to this Court's remand Order, Judge Freeman construed the "Writ of Habeas Corpus" as a post-conviction proceeding and made findings of fact and conclusions of law.

¶ 7 Two findings are important to Petitioner's claim:

> (b) By the terms of the plea agreement the defendant was to *either* spend 120 nights in the Nightime Incarceration Program in the Oklahoma County Jail within 128 days following May 8, 1997, *or, that failing,* was to be sentenced to 10 years in the Oklahoma State Penitentiary. (emphasis added)

> ...

> (e) The defendant was advised of his rights to appeal his Judgment and Sentence ... but the defendant did not thereafter file an application to withdraw his plea of guilty and did not appeal.

Judge Freeman concluded (1) that the statute under which Petitioner was sentenced [22 O.S.1991, § 991a–2] had not been modified by the Legislature or by this Court; (2) that Petitioner failed to appeal; (3) that having failed to appeal, Petitioner was precluded from raising the issue in an application for post-conviction relief, and (4) that Petitioner's Judgment and Sentence was lawful as was his incarceration in a DOC facility.

¶ 8 On appeal, Petitioner reasserts his Judgment and Sentence "in Case No. CF 97–1817 is void, because the District Court exceeded its statutory authority and/or unconstitutionally applied Okla. Stat. Tit. 22 § 991a–2 (1991) when it sentenced Petitioner to ten (10) years imprisonment in the custody of the Department of Corrections." Petitioner admits he failed to comply with the sentence of night-time incarceration. However, he contends, despite his non-compliance, the statute makes no provision for sentencing a defendant to a term of years in the custody of the DOC after non-compliance; and, at most, the District Court had only the authority to require Petitioner to complete his 120 nights by serving the remaining nights. He argues the sentence of night-time incarceration "supplants" incarceration in DOC custody and the "District Court cannot delay sentencing pending compliance with the night-time incarceration program or impose another sentence when an offender fails to comply" with the night-time incarceration sentence. Petitioner cites no authority other than the statute, and additionally argues that other defendants from Oklahoma County have been afforded relief on the same issue and that he is being denied equal protection under the law.[5]

¶ 9 For a writ of habeas corpus, a petitioner has the

> burden of establishing confinement is unlawful. *See Phillips v. Page,* 451 P.2d 23, 24 (Okl.Cr.1969); *Shelton v. State,* 381 P.2d 324 (Okl.Cr.1963). Petitioner shall attach a certified copy of the Judgment and Sentence and the District Court order denying relief with his petition to meet his burden of proof. In the absence of an extreme emergency, this Court will not entertain an original application for a writ of habeas corpus where such application has not been presented to and refused by the District Court of the county where

---

5. Petitioner also contended that the District Court's August 17, 1998 Order Denying Writ of Habeas Corpus was violative of 22 O.S.1991, § 1083(c). However, we find that the District Court's amended Order issued on October 19, 1998, sufficiently complies with § 1083(c).

petitioner is restrained. *In re Dykes*, 13 Okl. 339, 74 P. 506, 507 (1903)....

Rule 10.6(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1998). Petitioner is currently incarcerated at Ft. Supply, Oklahoma—a location not within Oklahoma County. Therefore, Judge Freeman appropriately found that venue of Petitioner's habeas corpus proceeding in Oklahoma County was not proper.

■ ¶ 10 The pleadings before us in substance show that Petitioner was, in effect, challenging his conviction or sentence. Therefore, we will construe the matter as a proceeding under the Post–Conviction Procedure Act. The record reflects that Petitioner was advised of his rights to appeal at the time Judge Freeman sentenced Petitioner to imprisonment with the DOC, and he did not appeal. Because Petitioner did not appeal, Judge Freeman concluded (in part) that Petitioner was precluded from challenging the sentence imposed in a post-conviction proceeding.

■ ¶ 11 We agree that the doctrine of waiver precludes this Court's review of issues which could have been raised on direct appeal, but were not. *See Jones v. State*, 1985 OK CR 99, ¶ 4, 704 P.2d 1138, 1140; *Smith v. State*, 1976 OK CR 61, ¶¶ 5–6, 546 P.2d 1351, 1354; 22 O.S.1991, § 1086. However, this Court has recognized that post-conviction relief is appropriately granted upon a showing by a petitioner that his or her sentence is invalid as a matter of law. *See Stafford v. State*, 1990 OK CR 84, ¶¶ 3–5, 800 P.2d 738, 739–40; *White v. State*, 1989 OK CR 20, ¶¶ 5–6, 774 P.2d 1072, 1072–1073; *compare with Robertson v. State*, 1995 OK CR 6, ¶ 8, 888 P.2d 1023, 1025.

■ ¶ 12 Here, Petitioner correctly notes that 22 O.S.1991, § 991a–2 contains no provision for sentencing a defendant to custody of the DOC after non-compliance with a sentence to a night-time incarceration program.

22 O.S.1991, § 991a–2 states, in pertinent part:

> [A]ny person who has been convicted of a nonviolent felony in the state may be sentenced, at the discretion of the judge, to incarceration in the county jail for a period of one or more nights or weekends with the remaining portion of each week being spent under probation, *in lieu of any other kind of imprisonment prescribed by law for the particular felony.* ... For the purposes of this section, weekend incarceration shall commence at 6 p.m. on Friday and continue until 8 a.m. on the following Monday, and incarceration overnight shall commence at 6 p.m. on one day and continue until 8 a.m. of the next day....

(emphasis added).[6] We must hold a statute to mean what it plainly expresses and no room is left for construction and interpretation where the language employed is clear and unambiguous. *Wallace v. State*, 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369–370; *see also* 25 O.S.1991, § 1. The Legislature failed to provide consequences for non-compliance with the night-time incarceration program or to provide that a night-time incarceration sentence could be imposed as a deferred or delayed sentence.[7]

¶ 13 The sentencing powers of the court are defined by statute at Section 991a of Title 22. Although the statute defining the sentencing powers of the court has been amended numerous times, in 1997, at the time of Petitioner's guilty plea, it provided, in part, that the court could "[s]uspend the execution of sentence in whole or in part, with or without probation." 22 O.S.Supp. 1996, §991a(A)(1). The power of the court to suspend an offender's sentence was limited by the following language: "The provisions of paragraph 1 of subsection A of this section shall not apply to defendants being sentenced upon their third or subsequent to their third conviction of a felony." 22 O.S.Supp.1996, § 991a(C).

---

6. The Legislature recently amended 22 O.S.1991, § 991a–2. *See* f. 7, below.

7. This Court's interpretation and application of 22 O.S.1991, § 991a–2 is validated by the Legislature's action in amending the statute, effective July 1, 1999, which further delineates and re-stricts the use of this particular statutory option and specifically provides that a night-time sentence can be imposed as a "condition of a split sentence, a delayed sentence, or a deferred sentence." *See* 22 O.S.Supp.1998, § 991a–2 (eff. July 1, 1999).

¶ 14 The deferred judgment procedure is set forth at Section 991c of Title 22. It provides that a "court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings upon the specific conditions prescribed by the court ..." 22 O.S.Supp.1996, § 991c(A). The ability of a court to "defer" a judgment of guilt and sentencing "shall only apply to defendants not having been previously convicted of a felony offense." 22 O.S.Supp. 1996, § 991c(F).

¶ 15 In this case, it appears the District Court of Oklahoma County imposed a hybrid sentence upon Petitioner when he entered his plea which attempted to incorporate certain elements of a deferred judgment and a suspended sentence into a sentence of night-time incarceration. If we construe the provisions for night-time incarceration as a form of suspended or deferred sentence, the sentences imposed upon Petitioner would be illegal as the record reflects that Petitioner *admitted* he had been, prior to his pleas in Case No. CRF 97–1817, convicted of two or more felonies. *See Bumpus v. State,* 1996 OK CR 52, ¶¶ 12–16, 925 P.2d 1208, 1211–1212; 22 O.S.Supp.1996, § 991a(C); 22 O.S.Supp.1996, § 991c(F).[8] In addition, a sentence of night-time incarceration is not authorized by the plain language of the statute for anything but "felony" convictions. 22 O.S.1991, § 991–a2.

¶ 16 While we appreciate the District Court's efforts to devise a hybrid night-time incarceration plan which incorporates a type of deferral of sentencing, we find that the court acted beyond its statutory authority in this case in several respects: first, Petitioner was not eligible for either a deferred or suspended sentence; second, the language of the statute says nothing which allows a court to postpone sentencing until a date in the future under a condition that the defendant complete the number of nights imposed; third, the statute cannot be used to sentence a defendant to a term of years to be satisfied by serving "x" number of nights in the county jail; and fourth, the statute does not provide for night-time incarceration for any misdemeanor convictions. The plain language of the statute only provides that the person convicted may be sentenced "to incarceration in the county jail for a period of one or more nights or weekends with the remaining portion of each week being spent under probation, *in lieu of any other kind of imprisonment prescribed by law for that particular felony.*" 22 O.S.Supp.1996, § 991a–2 (emphasis added).

¶ 17 We therefore agree with Petitioner that the District Court was without authority to sentence him to the night-time incarceration program because such a sentence, which includes probation, is clearly a form of suspended sentence for which Petitioner was ineligible. Further, the statute does not authorize night-time incarceration for misdemeanor offenses.

¶ 18 We believe that Petitioner's Writ of Habeas Corpus, construed as an Application for Post–Conviction Relief, should be granted. Petitioner's sentence to a ten year term of imprisonment for Count I in the DOC as a result of his failure to complete his night-time incarceration sentence as ordered was a voidable sentence not authorized by law, because Petitioner had two or more prior felony convictions and was therefore not eligible for a sentence of night-time incarceration or any form of suspended or deferred sentence in the first place. The remaining four counts were also voidable. As misdemeanor convictions, they do not fall within the perimeters of 22 O.S.1991, § 991–a2. Therefore, we cannot simply order Petitioner be released from DOC custody and returned to Oklahoma County to complete the night-time incarceration sentence. Rather, we find Petitioner's Judgment and Sentences should be vacated, and Petitioner should be returned to Oklahoma County and given the opportunity to withdraw his guilty pleas, as the sentence recommendation in the original plea agreement entered into by him and the State was not authorized by law, and Petitioner may proceed to trial. If Petitioner does not wish to withdraw his pleas, the District Court

---

**8.** Other provisions in the Oklahoma Statutes also prohibit persons who are convicted of certain drug related offenses from receiving any form of suspended or deferred sentences. *See e.g.* 21 O.S.Supp.1998, § 856.1, 63 O.S.Supp.1998, § 2–401(B) and (F), and 63 O.S.Supp.1998, § 2–509.

shall sentence him to a term of imprisonment within the statutorily prescribed range.

¶19 **THEREFORE IT IS THE ORDER OF THIS COURT** that the Writ of Habeas Corpus be construed as an Application for Post–Conviction Relief and it is hereby **GRANTED.** Petitioner's Judgment and Sentences in CF 97–1817 are **VACATED** and this matter is hereby **REMANDED** to the District Court of Oklahoma County for further proceedings consistent with this Order.

¶20 **IT IS SO ORDERED.**

¶21 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 9th day of March, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge, Dissents
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge, Dissents
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge,
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge,
/s/ Steve Lile
STEVE LILE, Judge

STUBHAR, P.J.: dissents.

¶1 I respectfully dissent to the Court's decision in this case. I have previously determined that the initial sentence imposed by the Court was valid and would deny this writ. I am authorized to state that Judge Johnson concurs in this vote.