**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY ALLEN CARPENTER,

Petitioner-Appellant,

v.

JAMES L. SAFFLE, Director of the
Department of Corrections,

Respondent-Appellee.

No. 00-6459
(W. District of Oklahoma)
(D.C. No. 99-CV-1941-T)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Gregory Allen Carpenter's application for a certificate of appealability ("COA"). Carpenter seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Because Carpenter has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal. *Id.* § 2253(c)(2).

In his habeas petition, Carpenter challenged his convictions, entered upon his pleas of *nolo contendere*, on charges of unlawful possession of a controlled dangerous substance and delivery of a controlled dangerous substance. Carpenter entered into a plea agreement pursuant to the Oklahoma Drug Court Act, *see* Okla. Stat. tit. 22, §§ 471-471.11, wherein he agreed that the charges against him would be dropped if he successfully completed a drug treatment program. If he failed to successfully complete the program, however, the plea agreement provided that Carpenter would be sentenced to a term of imprisonment of twenty-five years on each charge, with the sentences to run concurrently. When Carpenter failed to complete the drug treatment program, he was sentenced to prison pursuant to the terms of the plea agreement. Carpenter asserted before the district court, and reasserts on appeal, that his convictions are void because at the

time he entered the plea agreement he had prior felony convictions and was not, therefore, eligible for the drug court program.

Carpenter's petition was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that Carpenter's petition be denied on the ground that his claim was procedurally barred. In particular, the magistrate judge noted that under Oklahoma law, an appeal of a conviction based upon a plea of guilty must commence with the filing of the motion to withdraw a guilty plea, the denial of which may be appealed by writ of certiorari to the Oklahoma Court of Criminal Appeals. *See* Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Carpenter's failure to comply with these procedural requirements constituted a waiver of the right to appeal his convictions. *See* Okla. Stat. tit. 22, § 1086.

Recognizing the applicability of the procedural bar, Carpenter asserted that the procedural bar was not regularly applied in Oklahoma when a sentence is void as a matter of law. *See, e.g.*, *Stewart v. State*, 989 P.2d 940, 943 (Okla. Crim. App. 1999). Carpenter further asserted that his sentences were void because his previous felony convictions rendered him ineligible for the drug court program. In support of this position, Carpenter cited to *Stewart v. State*, 989 P.2d 940

(Okla. Crim. App. 1999) and *Bumpus v. State*, 925 P.2d 1208 (Okla. Crim. App. 1996).

The magistrate judge rejected Carpenter's assertion that his sentences were void, noting that the Oklahoma Drug Court Act was not at issue in either *Stewart* or *Bumpus* and that the Act, unlike the diversionary sentencing program at issue in those cases, did not contain a provision making individuals with prior felonies ineligible to participate. In fact, the Drug Court Act specifically contemplates that participants in the program might have prior felony convictions. *See* Okla. Stat. tit. 22, § 471.9 (providing that when a offender has completed the drug court program, the case against the offender shall be "dismissed if the offense was a first felony offense" or "shall be as specified in the written plea agreement" if the offender "has a prior felony conviction"). Accordingly, the magistrate judge concluded that Oklahoma's procedural bar was adequate and applicable in this case and that Carpenter could obtain review of his claim only upon showing cause and prejudice for the procedural default or that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Because Carpenter did not assert that he was actually innocent of the crimes for which he was convicted, the magistrate judge concluded that Carpenter could not demonstrate a fundamental miscarriage of justice. *See Klein v. Neal*, 45

F.3d 1395, 1400 (10th Cir. 1995). Furthermore, although Carpenter asserted that his trial counsel was ineffective in failing to seek a writ of certiorari after the district court denied his motion to withdraw his guilty plea, the magistrate judge noted that the ineffective assistance claim could not serve as cause because it had not been raised in state court. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Edwards v. Carpenter*, 120 S. Ct. 1587, 1591-92 (2000). Accordingly, the magistrate judge recommended that Carpenter's § 2254 petition be denied on the ground that the only claim presented was procedurally barred. Upon *de novo* review, the district court accepted the magistrate judge's report and recommendation and denied the petition.

To be entitled to a COA, Carpenter must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating that the issue he seeks to raise is debatable among jurists, a court could resolve the issue differently, or that the question presented deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Upon *de novo* review of Carpenter's appellate filings, the magistrate judge's report and recommendation, the district court order, and the entire appellate record, this court concludes that Carpenter has not made a substantial showing of the denial of a constitutional right for substantially those reasons set out in the magistrate judge's thorough and well-reasoned report and

recommendation dated October 4, 2000. Accordingly, this court **GRANTS**

Carpenter's request to proceed *in forma pauperis* on appeal, **DENIES** his request

for a COA, and **DISMISSES** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge