2001 OK CR 22

Noel KING, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–2001–364.

Court of Criminal Appeals of Oklahoma.

July 24, 2001.

### ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

¶ 1 The Petitioner has appealed to this Court from an order of the District Court of Oklahoma County denying his subsequent application for post-conviction relief in Case No. CF–96–1112. On November 4, 1996, Petitioner pled guilty and was convicted of Concealing Stolen Property, After Former Conviction of Two or More Felonies. Petitioner was sentenced pursuant to the plea agreement to a term of thirty (30) years imprisonment, but was given the opportunity to discharge the sentence by serving one hundred twenty (120) nights in the Nighttime Incarceration Program ("NIP").

¶ 2 Petitioner failed to complete the NIP and on April 18, 1997, the District Court ordered him to serve the thirty (30) year sentence in the custody of the Department of Corrections ("DOC"). Petitioner did not seek to withdraw his guilty plea within applicable time periods, either when the Judgment and Sentence was originally imposed, or when he was ordered to serve the thirty (30) year term in DOC custody. Petitioner thus failed to challenge his conviction, and the sentences imposed, in direct appeal proceedings. Petitioner previously filed a motion to withdraw guilty plea out of time, and has previously filed several applications for post-conviction relief that were denied by the District Court, and affirmed, if appealed, to this Court. *E.g. King v. State,* No. PC–98–464 (Okl.Cr. May 19, 1998); *King v. State,* No. PC–99–256 (Okl.Cr. May 13, 1999).

¶ 3 In this proceeding, Petitioner claims the District Court erred by not allowing him to withdraw his guilty plea, because his trial attorney allowed him to plead guilty to an unlawful sentence. Petitioner's claim is based on the contention that the District Court erred, and should have applied to his case this Court's decision in *Stewart v. State,* 1999 OK CR 9, 989 P.2d 940, decided March

9, 1999. Petitioner is again arguing that his sentencing which included the NIP, and the subsequent order for him to serve the thirty (30) year sentence in prison, is illegal and void. The same argument was made in Petitioner's post-conviction proceeding that was denied by the District Court, and affirmed on appeal by this Court on May 13, 1999. *King v. State,* No. PC–99–256 (Okl.Cr. May 13, 1999). In his prayer for relief, Petitioner requests re-sentencing in Case No. CF–96–1112 after being given an opportunity to withdraw his plea of guilty because of the error by trial counsel, the trial court, and the State.

■ ¶ 4 Petitioner has failed to establish entitlement to relief in this post-conviction proceeding. Petitioner's claims, that his sentencing is illegal and void, could have and should have been raised before he entered his guilty plea, or in direct appeal proceedings either after the original Judgment and Sentence was entered, or after he was ordered to serve the thirty (30) year sentence in the custody of the DOC. The claims were raised in his previous post-conviction proceeding. *King v. State,* No. PC–99–256 (Okl. Cr. May 13, 1999). All claims which could have previously been raised but were not are waived, and all claims which were raised in a direct appeal or in previous post-conviction proceedings are barred as *res judicata.* 22 O.S.1991, § 1086; *Fowler v. State,* 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569. Such claims may not be the basis of a post-conviction application. *Id.*

¶ 5 Petitioner claims that *Stewart* is an intervening change in the law that should be applied to his case. However, *Stewart* is not an intervening change in the law because it was decided before Petitioner's previous post-conviction proceeding was decided. Petitioner also claims that his sentencing is void pursuant to *Stewart,* and that such a claim cannot be barred and can be asserted at any time.

¶ 6 Like *Stewart,* Petitioner's sentencing to the NIP is clearly a form of suspended sentence for which Petitioner was ineligible since he had two or more former felony convictions. 22 O.S.1991, § 991a–2(A)(2); 22

O.S.Supp.1996, § 991a(C); *Stewart*, 1999 OK CR 9 at ¶ 17, 989 P.2d at 944. Therefore, such sentencing was void or voidable because it was not authorized by law. *Stewart*, 1999 OK CR 9 at ¶ 18, 989 P.2d at 944. However, as in *Stewart*, Petitioner is no longer serving the NIP portion of his sentence and thus is no longer serving a void or voidable sentence. Moreover, and again as in *Stewart*, he was not serving such a sentence when he filed this proceeding, and his other collateral proceedings, to challenge his sentencing. Like *Stewart*, the void or voidable sentence was expunged when Petitioner was ordered to serve his thirty (30) year sentence with the DOC. The thirty (30) year sentence Petitioner is serving falls within the applicable range of punishment for his crime, and is not void or voidable. 21 O.S.1991, §§ 51(B), 1713.

■ ¶ 7 There is the concern that the NIP portion of sentencing induced the pleas from Petitioner and *Stewart*. However, if the pleas were so induced, and if Petitioner and *Stewart* did not believe their sentencing to a term of years was proper or acceptable under a plea agreement, they could have sought to withdraw their guilty pleas when they were sentenced to the term of years and thus they could have raised any claim that their sentencing was illegal and void in direct appeal proceedings. Neither Petitioner nor *Stewart* elected to seek to withdraw their guilty pleas at that time, and they offered no reason for their failure to do so. 22 O.S. 1991, § 1086; *Fowler*, 1995 OK CR 29 at ¶ 2 n. 4, 896 P.2d at 569. Petitioner and *Stewart* were not denied the opportunity to challenge their convictions and sentences, and were not denied the opportunity to raise any claim that the invalid NIP portion of their sentencing might have induced their pleas. In this proceeding, Petitioner is not entitled to an opportunity to withdraw his plea of guilty and to be re-sentenced, the relief he now seeks, when he has already been given that opportunity and elected not to take it.

¶ 8 In *Stewart*, this Court allowed the ground for relief, that sentencing which included NIP provisions was void, to be the basis of a post-conviction proceeding. 22 O.S.1991, § 1086; *Stewart*, 1999 OK CR 9 at ¶ 18, 989 P.2d at 944. This Court cited cases which recognized that post-conviction relief is appropriately granted upon a showing by a petitioner that his or her sentence is invalid as a matter of law. *Stewart*, 1999 OK CR 9 at ¶ 11, 989 P.2d at 943. However, the cited cases involve situations where the petitioner was actually serving the invalid sentence when the proceeding to seek relief was filed. *Stafford v. State*, 1990 OK CR 74, 800 P.2d 738 (the petitioner was serving an indeterminate sentence of not less than ten years nor more than life, which was mandated by a statute that had been repealed before her sentence was imposed); *White v. State*, 1989 OK CR 20, 774 P.2d 1072 (the petitioner was serving an indeterminate sentence of not less than five years nor more than life, and the maximum term of not more than life was not authorized by, and in fact violated, statute); *cf. Robertson v. State*, 1995 OK CR 6, 888 P.2d 1023 (the initial sentence received and being served by the appellant was below the statutory range of allowable punishment and was void); *Bumpus v. State*, 1996 OK CR 52, 925 P.2d 1208 (the suspended portion of the sentence the appellant was serving was voidable because appellant had two or more felony convictions, and was void when record evidence of the prior convictions was presented).

¶ 9 None of the cases cited in *Stewart* involve the situation where the void sentence has been expunged and replaced with a sentence that does fall within the statutory range of punishment, and that is not void or voidable. None of the cited cases involve the situation where the defendant was given the opportunity to appeal when the void sentence was expunged and replaced. Therefore, the cases are not applicable to Petitioner's, or *Stewart's*, situation. We find the decision in *Stewart* should be, and is hereby, overturned insofar as the allegation of a void or voidable sentence should not have been allowed to be the basis of a post-conviction proceeding, when the invalid sentence had already been expunged and replaced with a valid sentence, and the opportunity to appeal had already been provided. 22 O.S.1991, § 1086; *Fowler*, 1995 OK CR 29 at ¶ 2, 896 P.2d at 569.

¶ 10 ***IT IS THEREFORE THE ORDER OF THIS COURT*** that the order of the

District Court of Oklahoma County denying Petitioner's subsequent application for post-conviction relief in Case No. CF–96–1112 should be, and is hereby, **AFFIRMED.**

¶ 11 **IT IS SO ORDERED.**

¶ 12 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 24th day of July, 2001.

/s/ Gary L. Lumpkin (NOT PARTICIPATING)
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge