**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY LOVETT WILKINS,

    Defendant - Appellant.

No. 03-5108
(D.C. No. 02-CR-128-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT**\*

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.\*\*

Defendant-Appellant Rodney Lovett Wilkins appeals from his plea and

sentence for possession of a firearm after former conviction of a felony. Counsel

for Mr. Wilkins submitted a brief pursuant to Anders v. California, 386 U.S. 738,

744 (1967), and moved for leave to withdraw as counsel. Mr. Wilkins responded

with a one-page statement regarding "appeal issues." We have jurisdiction over

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the appeal under 28 U.S.C. § 1291 and jurisdiction to review the sentence under 18 U.S.C. § 3742. We dismiss the appeal and grant counsel's request to withdraw.

Mr. Wilkins was indicted for (1) possession of a firearm after a former conviction of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9), and (2) possession of a firearm after a former conviction of a felony, 18 U.S.C. § 922(g)(1). I Aplt. App., R. Doc. 1. He pleaded guilty to both counts, and neither he nor his counsel sought to withdraw the plea. At sentencing, the first count was dismissed upon the government's motion to dismiss due to a plain violation of double jeopardy. On the second count, the presentence investigation report ("PSR") included an offense level of 23 and a criminal history category of VI, resulting in a sentencing guideline range of 92-115 months. II Aplt. App. at 21. No objection was made to the presentence report. Mr. Wilkins was sentenced to 115 months imprisonment, followed by three years of supervised release. He also received a $2,500 fine and a special assessment of $100.

In his Anders brief, counsel for Mr. Wilkins states that he "has diligently searched the record for any non-frivolous issues which are arguable on appeal," and having done so, finds there "are no appellate issues in this case." Aplt. Br. at 4. In response, Mr. Wilkins argues that the district court erred by including a prior "voidable sentence" in calculating his criminal history category. In

accordance with <u>Anders,</u> we must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744.

Mr. Wilkins was reported as having 13 criminal history points in the PSR, which gave him a criminal history category of VI. II Aplt. App. at 16. One point was included under U.S.S.G. § 4A1.1(c) because Mr. Wilkins pleaded guilty to an "Assault and Battery–Domestic Abuse, After Former Conviction for Assault and Battery–Domestic Abuse" in Osage County. <u>Id.</u> at 14, ¶ 36. He received supervised probation for two years and his sentence was deferred until October 29, 2003. Another two points were included under U.S.S.G. § 4A1.1(d) because the instant offense was committed while Mr. Wilkins was serving "a criminal justice sentence" for the Osage County offense. <u>Id.</u> at 15, ¶ 39. Mr. Wilkins did not object to the inclusion of these points at the time of sentencing. However, he now argues, citing <u>Stewart v. State</u>, 989 P.2d 940, 944 (Okla. Crim. App. 1999), that the sentence was "voidable" because he was not eligible for a deferred sentence under Okla. Stat. tit. 22, § 991c, as he was "previously convicted of a felony offense." <u>See</u> <u>id.</u> § 991c(F). Mr. Wilkins therefore argues the district court erred in including the offense in the calculation of his criminal history category.

Because Mr. Wilkins "failed to object to the calculation of his criminal history category below, this court reviews the district court's sentencing

determination for plain error." United States v. Mendez-Lopez, 338 F.3d 1153, 1159 (10th Cir. 2003). Under the plain error standard, we review the district court's sentencing "for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice." United States v. Lowder, 5 F.3d 467, 472 (10th Cir. 1993) (internal quotation marks and citations omitted). Even if Mr. Wilkins establishes an error that affects his substantive rights, reversal is nevertheless inappropriate unless the error was also "clear or obvious." United States v. Whitney, 229 F.3d 1296, 1308 (10th Cir. 2000). Thus, even assuming the prior sentence was voidable, as Mr. Wilkins argues, this error was not clear or obvious to the district court upon sentencing.

In addition, a defendant may not collaterally attack a prior state court conviction under the guidelines unless "otherwise recognized in law." U.S.S.G. § 4A1.2, comment n.6. This court has allowed a collateral attack on a prior conviction only in cases of a "complete violation of the right to counsel," United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994), and in this case it is clear Mr. Wilkins was represented by counsel in the prior state court conviction. II Aplt. App. at 14, ¶ 36. After a full examination of the proceedings, we conclude Mr. Wilkins's appeal is frivolous.

Accordingly, we GRANT counsel's request to withdraw and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge