**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HEZEKIAH JOEL COLBERT,

     Petitioner-Appellant,

v.

RON WARD; STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 05-6314
(D.C. No. 04-CV-141-R)
(W.D. Okla.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Hezekiah J. Colbert, a state prisoner appealing pro se, requests a certificate

of appealabiltiy ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas

petition. For substantially the same reasons as set forth by the district court, we

**DENY** a COA and **DISMISS**.

Colbert, who was represented by counsel, pled guilty to one felony offense

of carrying a weapon with unlawful intent after former conviction of a felony, and

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

one misdemeanor offense of unlawfully carrying a weapon. The state district court sentenced him to 126 months in prison. Ten days later, Colbert filed a motion to withdraw his guilty plea on the ground that his plea was not "knowing and voluntary" and that entry of the plea was "contrary to applicable law." The state district court denied this motion.

Colbert then filed two applications for post-conviction relief, each attempting to withdraw his guilty plea. Both applications were construed by the Oklahoma Court of Criminal Appeals ("OCCA") as seeking an out-of-time appeal with respect to his motion to withdraw his guilty plea, and thus the OCCA declined to exercise jurisdiction over his appeals.

Following these denials, Colbert filed another motion with the state district court to withdraw his guilty plea. Finding that Colbert knowingly and voluntarily entered into his pleas, the state district court denied this motion. New counsel from the Oklahoma Indigent Defense system appealed the state district court's denial of Colbert's motion to the OCCA, asserting that (1) the trial court erred by denying his motion to withdraw his guilty pleas, (2) reversible error occurred when the trial court accepted his plea without informing him of the elements of each offense charged, and (3) his plea was invalid because the trial court failed to establish an adequate factual basis for his plea. OCCA affirmed the denial of his motion to withdraw his guilty plea, and found that because he failed to raise his second or third arguments at the trial court level those claims were waived.

After the OCCA affirmed the state district court's denial of his motion to withdraw his plea, Colbert filed a habeas petition in federal district court raising five arguments. He argued that (1) he did not knowingly and voluntarily enter into his guilty plea; (2) the evidence against him was obtained as a result of an unlawful search and seizure in violation of the Fourth Amendment; (3) he received ineffective assistance from his trial counsel; (4) he was denied the right to an appeal and to a fair and speedy trial, and (5) the prosecutor engaged in misconduct during sentencing. This petition was denied by the district court. Having failed to obtain a COA from that court, Colbert now seeks a COA from this court.[1]

On appeal, Colbert raises four arguments. First, he argues that he received ineffective assistance of counsel because he told his counsel he thought he wanted to go to trial, but that his counsel never discussed preparation for trial with him,

---

[1] Colbert's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Colbert to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Colbert a COA, he may not appeal the district court's decision absent a grant of COA by this court.

insisted that Colbert plead guilty, and informed Colbert that in exchange for pleading guilty he would receive probation. Because the state court addressed this issue on the merits, Colbert can only prevail if its ruling denying his ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. 2254(d)(1), (2).

In order to prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that such deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the prejudice prong of the analysis, the defendant must show that "there is a reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

The OCCA's holding that Colbert did not receive ineffective assistance of counsel was not contrary to, and did not involve the unreasonable application of, clearly established Federal law as determined by the Supreme Court. Colbert's conclusory and vague allegations regarding his trial counsel's professionally unreasonable conduct during the plea process are insufficient to show that his counsel's performance was constitutionally deficient. Additionally, Colbert has

presented no evidence that would demonstrate there is a reasonable probability he would not have entered into the guilty plea but for the alleged errors of his counsel. As such there is no prejudice.

Colbert's three remaining arguments on appeal are that (1) the prosecutor committed misconduct during the sentencing process, (2) he is factually innocent of the charges to which he pleaded guilty, and (3) the district court erred in failing to conduct an evidentiary hearing on his motion to withdraw his guilty plea during the required 30-day period. We do not need to reach the merits of these claims because they are procedurally defaulted.

Under 28 U.S.C. § 2254(b)(1), habeas corpus relief may not be granted unless the applicant has exhausted the remedies available in the state courts. If a petitioner has failed to "exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred the claims are considered exhausted and procedurally defaulted for purposes of habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotations omitted). Colbert never raised these claims in his petitions for post-conviction, and thus these claims would be procedurally barred in Oklahoma courts. See Smith v. State, 546 P.2d 1351, 1354 (Okla. Crim. App. 1976) (holding that all issues known to a petitioner must be raised in the first application for post conviction relief in the trial court or they will be deemed to have been waived).

Additionally, Colbert has not presented any evidence that our failure to review these claims will result in a fundamental miscarriage of justice. See Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (holding that in certain "extraordinary circumstances" it would be a miscarriage of justice to fail to review an actual innocence claim because the petitioner's claim is procedurally defaulted).

Accordingly, Colbert's application for a COA is **DENIED,** and his appeal is **DISMISSED**. The motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge