# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 19, 2012 Session

## JOSE RODRIGUEZ A.K.A. ALEX LOPEZ[1] v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4345     Seth Norman, Judge**

_____

**No. M2011-01485-CCA-R3-PC - Filed January 7, 2013**

_____

The petitioner, Jose Rodriguez, brings a post-conviction challenge to his guilty plea, asserting that he received the ineffective assistance of counsel. The petitioner claims that, under *Padilla v. Kentucky*, 130 S.Ct. 1473, 1483 (2010), his counsel was deficient in failing to advise him regarding the deportation consequences of his guilty plea. The petition was filed more than one year after the guilty plea, and the post-conviction court denied relief based on the statute of limitations pursuant to Tennessee Code Annotated section 40-30-102(a). We conclude that a post-conviction action does not lie when the petitioner's record has been expunged and no conviction exists. In addition, the trial court was correct in concluding the petition was time-barred. Accordingly, we affirm the post-conviction court's summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which and THOMAS T. WOODALL, J., joined. JOSEPH M. TIPTON, P.J., filed a concurring and dissenting opinion.

Sean Lewis and Patrick G. Frogge, on appeal, and Patrick T. McNally, Nashville, Tennessee, at trial, for the appellant, Jose Rodriguez a.k.a Alex Lopez.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] The petition for post-conviction relief is styled "Jose Rodriguez a/k/a 'Jose Lopez.'" However, the petitioner's notice of appeal shows it was submitted and signed by "Alex Lopez," and that is also the style of the case on appeal. The petitioner's brief refers in headings to "Alex Rodriguez."

**OPINION**

**Factual and Procedural History**

The petitioner was cited for patronizing prostitution, a misdemeanor, on August 15, 2007. The petitioner alleges that his trial counsel knew that he was a citizen of Mexico and a legal resident of the United States and that he had only a rudimentary comprehension of English. The petitioner alleges that his trial counsel, ignorant of the fact that the crime in question was an offense of "moral turpitude" subject to automatic deportation despite expungement, advised him to accept a plea offer involving judicial diversion under Tennessee Code Annotated section 40-35-313. His attorney did not inform Mr. Rodriguez regarding the immigration consequences of the plea. He asserts that he would not have entered a guilty plea if his counsel had advised him of the immigration consequences. According to his petition, he pled guilty on September 20, 2007, and he successfully completed judicial diversion.[2] On January 8, 2010, an order was entered expunging his criminal record.

The petitioner alleges that the crime which was the subject of the expungement is a crime of "moral turpitude" resulting in automatic deportation. *See* 8 U.S.C.A. § 1182(a)(2)(A)(i)(I), 1101. The petitioner brought this post-conviction petition on March 31, 2011 – exactly one year after the Supreme Court's decision in *Padilla* – asserting that his trial counsel was ineffective in failing to inform him that he was subject to automatic deportation as a result of his expunged conviction; asserting that he was entitled to relief under the due process clause as his guilty plea was not knowing or voluntary due to his ignorance of the immigration consequences; and asserting that his plea was not knowing or voluntary due to his inability to understand the proceedings because of his rudimentary knowledge of the language. While the petitioner does not explicitly allege that he is being deported, he alleges that his counsel's deficiency "has resulted in continued immigration 'punishment,' both severe and continuing, including the loss of the right to live and work in the United States." The post-conviction court denied the petition, finding that it was time-barred.

The petitioner appealed, and the State moved to dismiss his appeal based on the fact that his record had already been expunged in this State. We denied the motion to dismiss so that the issue could be more fully briefed, but did not, as the petitioner suggests, decide the merits of the issue. On appeal, the petitioner insists that he received the ineffective

---

[2]The petitioner asserts that all of the documents underlying the conviction have been expunged, and the records related to the petitioner's conviction were not attached to the petition.

assistance of counsel and that his conviction is invalid because it was not knowing and voluntary due to his counsel's deficient performance. The petitioner also asserts that his petition is not time-barred because (1) *Padilla* created a new rule which applies retroactively under state law; (2) alternatively, *Padilla* did not announce a new rule for the purposes of *Teague v. Lane*, 489 U.S. 288 (1989) and therefore the old rule applies retroactively; (3) due process operates to toll the statute of limitations. The State limited its argument to asserting that the petitioner could not apply for post-conviction relief when his record had been expunged and there was no conviction from which he could seek relief. The petitioner counters that an expunged conviction is nevertheless considered a conviction for the purposes of immigration law and urges us to consider it a conviction also for the purposes of filing a post-conviction action.

## Analysis

We do not reach the petitioner's post-conviction claims related to the ruling in *Padilla* because his criminal record has been expunged by the State of Tennessee. "The expungement statute is 'designed to prevent citizens from being unfairly stigmatized' by criminal charges." *State v. L.W.*, 350 S.W.3d 911, 916 (Tenn. 2011) (quoting *State v. Adler*, 92 S.W.3d 397, 403 (Tenn. 2002)). Expungement is the removal from certain official records of the arrest, indictment or information, trial, finding of guilt, and dismissal and discharge. T.C.A. § 40-35-313(b). "The effect of the order is to restore the person, in the contemplation of the law, to the status the person occupied before the arrest or indictment or information." *Id.*

Once the record has been expunged, the discharge and dismissal "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose," except as provided in subsections (b) and (c), related to evidence at civil trials. T.C.A. § 40-35-313(a)(2). However, evidence of the arrest and charges does not simply disappear. In addition to certain limited use of an expunged record as evidence in a civil trial, the statute notes that nonpublic records of the court, of the Tennessee Bureau of Investigation, or of a local law enforcement agency "shall constitute official records of plea or verdict and are subject to the subpoena power of the courts of civil jurisdiction." T.C.A. § 40-35-313(c). These non-public records are retained by the court for the purposes of determining eligibility for diversion and potential use as evidence in civil trials according to the statute. T.C.A. § 40-35-313(a)(2). An expunged record is also kept by the Tennessee Bureau of Investigation, to which the court is required to send a copy of the dismissal and order of expungement. T.C.A. § 40-32-101(d)(1). Furthermore, public records in the context of expungement do not include arrest histories, investigative reports, intelligence information of law enforcement agencies, confidential files of district attorneys general, confidential records of the department of children's services or department of human

services, or appellate court opinions. T.C.A. § 40-32-101(b)(1)-(2). Statutorily, an expunged criminal record leaves these traces in its wake.

The petitioner challenges the constitutionality of his expunged guilty plea under Tennessee's Post-Conviction Procedure Act. Post-conviction relief is available "when *the conviction or sentence* is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (emphasis added). Although post-conviction relief depends on demonstrating that the "conviction or sentence" is void or voidable, the statute relating to expungement provides that discharge and dismissal "*shall not be deemed a conviction* for purposes of disqualifications or disabilities imposed by law upon conviction of a crime *or for any other purpose*" with certain exceptions not applicable here. T.C.A. § 40-35-313(a)(2) (emphasis added). Furthermore, discharge and dismissal "is without court adjudication of guilt." *Id.*

The Tennessee Court of Appeals, examining the propriety of reliance on an expunged guilty plea in a proceeding to decertify a police officer, found that "a number of state forms and other documents indicate or imply that a guilty plea under a judicial diversion program is tantamount to a 'conviction.' It is not. An individual who successfully completes a judicial diversion program under § 40-35-313 has not been 'convicted' of any crime. . ." *Wright v. Tenn. Peace Officer Standards and Training Comm'n*, 277 S.W.3d 1, 8-9 (Tenn. Ct. App. 2008). The concurring opinion in *Padilla* also recognized that a disposition may not be a "conviction" under state law but still qualify as a "conviction" for immigration purposes. *Padilla*, 130 S.Ct. at 1490 n.2 (Alito, J., and Roberts, C.J., concurring) (noting the intricacies of immigration law and concluding that complexities such as this should not require counsel to do more than advise that a plea may have adverse immigration consequences).

Because the statutory language is clear, we conclude that post-conviction relief is not available from an expunged record because there is no conviction to challenge. *E.g., State v. Ruff*, No. W2004-00438-CCA-R3-CD, 2005 WL 645160, at *5 (Tenn. Crim. App. Mar. 16, 2005) ("Furthermore, the assault charges have now been expunged, so there is no adverse order from which he could launch any action, such as a direct appeal or a petition for post-conviction relief."); *King v. State*, 29 P.3d 1089, 1091 (Okla. Crim. App. 2001) (finding that an allegation of a "void or voidable sentence should not have been allowed to be the basis of a post-conviction proceeding, when the invalid sentence had already been expunged. . . ."). The petitioner argues that such a reading is at odds with the legislative intent to "restore the person, in the contemplation of the law, to the status the person occupied before the arrest or indictment or information." T.C.A. § 40-35-313(b). Nevertheless, the statute is unambiguous, and we do not reach the question of legislative intent. *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009) ("When statutory language is clear and unambiguous, we must

apply its plain meaning in its normal and accepted use . . . and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources."). An expunged "conviction" is not a conviction within the meaning of Tennessee's Post-Conviction Procedure Act.

Accordingly, we cannot grant the petitioner any relief, as his record has already been expunged by the State of Tennessee. However, we note that, under the following Tennessee appellate decisions on the matter, the petitioner's claim would in any event be barred by the statute of limitations. *E.g.*, *Guevara v. State*, No. W2011-00207-CCA-R3-PC, 2012 WL 938984, at \*3 (Tenn. Crim. App. Mar. 13, 2012); *Lopez v. State*, No. M2011-02349-CCA-R3-PC, 2012 WL 2394148, at \*2-3 (Tenn. Crim. App. June 26, 2012); *Cantu v. State*, No. M2011-02506-CCA-R3-PC, 2012 WL 2323243, at \*2 (Tenn. Crim. App. June 18, 2012); *Stamegna v. State*, No. E2011-00107-CCA-R3-PC, 2011 WL 5971275, at \*5 (Tenn. Crim. App. Nov. 29, 2011); *Diotis v. State*, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at \*2-3 (Tenn. Crim. App. Nov. 17, 2011).

## CONCLUSION

Because statute dictates both that a post-conviction petition must ask for relief from a "conviction" and that an expunged guilty plea is not a "conviction," we conclude that an expunged guilty plea cannot be the subject of post-conviction relief. We affirm the judgment of the post-conviction court dismissing the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE